**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Post Confirmation Trust of Fleming Companies, Inc., <br><br> Petitioner, <br><br> vs. <br><br> Price Chopper Foods, L.L.C., et al., <br><br> Respondents. | No. 05-CV-3398-PHX-FJM <br><br> **ORDER** |

The parties submitted their contract dispute to arbitration. On March 15, 2005, the arbitrators awarded petitioner $3,062,136.98–which included the principal contract debt, accrued interest, administrative arbitration costs, and claimant's reasonable attorneys' fees and costs–plus interest accruing from the date of the award until it is paid in full. The arbitrators also awarded petitioner "post-judgment attorneys' fees and costs incurred in collecting the sums awarded to it under this award to the extent that the same are awarded post-judgment by any Court entering a judgment on this award." Declaration of Wally White, Exhibit C at 11. Respondents have not paid petitioner in accordance with the award. Accordingly, petitioner filed with us a petition for an order confirming the arbitration award pursuant to 9 U.S.C. § 9. We have before us the petition (doc. 1), the response (doc. 10) and the reply (doc. 11).

A party to an arbitration subject to the Federal Arbitration Act, 9 U.S.C. §§ 1-14, may petition a federal court for vacation, modification, or correction of an arbitration award. 9 U.S.C. §§ 10-11. To do so, however, that party must serve "upon the adverse party or his attorney within three months after the award if filed or delivered" notice of the motion to vacate, modify, or correct the award. 9 U.S.C. § 12. It is undisputed that respondents failed to serve petitioner in accordance with this provision.

Respondents nonetheless request that we "decline to confirm" the portions of the award relating to administrative arbitration costs and attorneys' fees, contending that the arbitrators exceeded their authority and acted in manifest disregard of the law. Response at 2. This is nothing more than a motion for vacation, modification or correction disguised as a response to a petition for confirmation. The three month limitation of § 12 would be meaningless if a party could evade it merely by waiting for its adversary to petition for confirmation. See LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338-39 (9th Cir. 1986) (citation omitted); see also Bhd. of Teamsters and Auto Truck Drivers Local No. 70 v. Celotex Corp., 708 F.2d 488, 490 (9th Cir. 1983) ("[F]ailure to petition to vacate an unfavorable award within the applicable statutory period bars the party from asserting affirmative defenses in a subsequent proceeding to confirm the award.") (citation omitted). By failing to comply with § 12, respondent waived the right to challenge the award. Absent challenge, "the court must grant . . . an order [confirming the award]." 9 U.S.C. § 9. Therefore, **IT IS ORDERED GRANTING** the petition for confirmation and **CONFIRMING** the award of $3,062,136.98 plus interest as described in the award (doc. 1).

Petitioner also seeks to supplement the award to include attorneys' fees and costs incurred in collecting on the award. It is undisputed that there is no basis in the Federal Arbitration Act for the award of attorneys' fees accrued during the confirmation process. Petitioner argues, however, that we should award fees based on the parties' contractual agreement. This raises a series of issues that the parties have not addressed. Does the arbitral award preclude us from reconsidering the issue of agreement as to attorneys' fees? If so, does that bar apply to the issue of attorneys' fees arising out of a petition for

1  confirmation? If not, to understand the scope of the parties' agreement, the parties needed
2  to set forth arguments and facts as to their oral agreement following the completion of their
3  written contract. But, is that inconsistent with the limited role that the court should play in
4  resolving post-arbitration disputes?

5   Under these circumstances, it is **ORDERED DENYING** petitioner's request for fees.

6   DATED this 5th day of May, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge